UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ANEITA BAILEY

    **Plaintiff,**

v.

LINEBARGER GOGGAN BLAIR &
SAMPSON LLP,

    **Defendant.**

_____/

## COMPLAINT

Plaintiff Aneita Bailey ("Plaintiff") sues Defendant Linebarger Goggan Blair & Sampson LLP ("Defendant") for violations of the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA")

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant is a/an Texas limited liability partnership, with its principal place of business located in Austin Texas 78746.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**DEMAND FOR JURY TRIAL**

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL ALLEGATIONS**

7. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, DelDot, and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

14. Defendant's "Consumer Collection Agency" license number is NONE.

15. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are not current to within one week of the current date.

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

18. Further, Defendant does not have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

19. Defendant cannot lawfully collect consumer debts from Florida consumers because Defendant failed to maintain a valid registration.

20. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22. On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

23. The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff's name; **[2]** Plaintiff's address; **[3]** the existence of the Consumer Debt; **[4]** the amount of the consumer debt; **[5]** the creditor of the Consumer Debt; **[6]** that Plaintiff was the alleged debtor of the Consumer Debt; **[7]** information regarding the Subject Service; and **[8]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

24. The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

25. The Transmitted Information affected Plaintiff's reputation. For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts,

Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

26. Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

27. In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer debt from Plaintiff.

28. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff, of which was internally dated October 21 2021, (the "Collection Letter") in an attempt to collect the Consumer Debt.

29. Attached as Exhibit "A" is a copy of Collection Letter.

30. Defendant's transmission of Plaintiff's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA. *See* Hunstein v. Preferred Collection & Mgmt. Servs., No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

31. The Collection Letter contains a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter.

32. Defendant knew that the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

33. The Third-Party did not have any legitimate need for the Transmitted Information, as the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692c(b)

34. Plaintiff incorporates by reference ¶¶ 7-33 of this Complaint.

35. Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector*." 15 U.S.C. 1692c(b) (emphasis added).

36. As set forth above, Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* Hunstein, No. 19-14434, 2021 U.S. App. LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).") Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party.

37. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c)    Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), & § 1692e(10)

38.     Plaintiff incorporates by reference ¶¶ 7-33 of this Complaint.

39.     Defendant is liable to Plaintiff for attempting to collect the Consumer Debt from Plaintiff without possessing a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

40.     Fla. Stat. § 559.553(1) provides that "[a] person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, **and thereafter maintaining a valid registration**." (emphasis added).

41.     To maintain validation registration, Fla. Stat. § 559.5556(1) provides that "[e]ach registered consumer collection agency shall maintain, at the principal place of business designated on the registration, all books, accounts, records, and documents necessary to determine the registrant's compliance with this part."

42.     Even further, Fla. Stat. § 559.5556(3) provides that "[t]he commission may prescribe by rule the minimum information to be shown in the books, accounts, records, and documents of registrants so that such records enable the office to determine the registrant's compliance with this part."

43.     To these ends, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.080, titled "**Consumer Collection Agency Records**," provides that "[a] registrant shall, *at a minimum*, maintain all records specified in [Rule 69V-180.080], [and that] [r]ecords shall be kept current to within one week of the current date."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44. With respect to the *minimum* records specified by Rule 69V-180.080, the likes of which are required to "be kept current to within one week of the current date," Rule 69V-180.080 provides an explicit list of records that "shall be maintained," of which include:

   (a)   "A copy of the contract or agreement that the registrant will use with its creditors." Rule 69V-180.080(1).

   (b)   "The debtor's account of activity disclosing … [t]he actual amount of the claim submitted by the creditor … [a] record of payments made by the debtor, including the date received and the amount and balance owing …[and] [a] record of outbound contacts or attempted contacts by the registrant with the debtor including … [t]he name of the person (or alias name of the person) making or attempting to make contact." *See* Rule 69V-180.080(3).

   (c)   "All form letters and stationery used by a registrant shall be maintained in a file and made available at all times for review by the Office of Financial Regulation." *See* Rule 69V-180.080(6).

   (d)   "The name of the financial institution or institutions where the registrant's accounts will be maintained, and the identifying numbers assigned by the financial institutions to the accounts." *See* Rule 69V-180.080(7).

   (e)   "Basic information about the debt including, at the minimum, [d]ocumentation of the debt provided by the creditor, [t]he date the debt was incurred and the date of the last payment, [t]he identity of the original creditor as known to the debtors, [t]he amount of the debt at the time of charge-off or at the time of receipt of the debt by the registrant for purposes of collection and an itemization of all interest, fees, or charges added to it by the registrant, [and] [i]f the debt collector is a debt buyer or is an assignee holding title to the debt, the debt buyer's or assignee's bill of sale or other written document executed by the debt buyer or assignee that contains when and from whom the debt was acquired. *See* Rule 69V-180.080(9).

   (f)   "A copy of all letters, emails, and correspondence, written or electronically sent to a debtor." *See* Rule 69V-180.080(10).

   (g)   "All phone numbers used by a registrant shall be disclosed and maintained in a file and made available at all times for review by the Office of Financial Regulation." *See* Rule 69V-180.080(11).

45. Further, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.090, titled

"**Consumer Collection Agency Records Retention and Destruction**," provides that "[a]ll books, accounts, records, documents, and receipts must be maintained for at least 3 years from the date the consumer satisfied the debt being collected or the registrant has ceased collection efforts from the consumer [and] [a] registrant must have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer." *See* Rule 69V-180.090(1) & (2).

46. Here, Defendant attempted to collect the Consumer Debt from Plaintiff by and through the Collection Letter, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant did no possess or otherwise maintain a valid consumer collection agency with the Florida Department of State as required by Fla. Stat. § 559.553.

47. Defendant's failure to maintain a valid consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not possessing a valid license as required by Florida law is a false, deceptive, and misleading practice.

48. Defendant's failure to maintain a valid consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not lawfully licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

49. Defendant's failure to maintain a valid consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts – such as the Consumer Debt – is a violation of 15 U.S.C. § 1692e(5) because the Collection Letter is a threat

PAGE | **8** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to take action that cannot legally be taken. For example, the Collection Letter causes the least sophisticated consumer to believe that Defendant may lawfully collect *or even attempt to collect* the Consumer Debt when, in reality, Defendant had no such authority or lawful ability.

50. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF FLA. STAT. § 559.72(5)

51. Plaintiff incorporates by reference ¶¶ 7-33 of this Complaint.

52. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

53. As set forth above, Defendant unlawfully transmitted Plaintiff's personal information, by and through the Transmitted Information, to the Third-Party, whereby said transmitted information affective Plaintiff's reputation because the Third-Party did not have any *legitimate* need for unlawfully transmitted personal information of Plaintiff.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages pursuant to Fla. Stat. §559.77(2);

 (b)  An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

 (c)  Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

 (d)  Any other relief that this Court deems appropriate under the circumstances.

DATED: November 15, 2021

               Respectfully Submitted,

               /s/ Thomas J. Patti
               **JIBRAEL S. HINDI, ESQ.**
               Florida Bar No.: 118259
               E-mail: jibrael@jibraellaw.com
               **THOMAS J. PATTI, ESQ.**
               Florida Bar No.: 118377
               E-mail: tom@jibraellaw.com
               THE LAW OFFICES OF JIBRAEL S. HINDI
               110 SE 6th Street, Suite 1744
               Fort Lauderdale, Florida 33301
               Phone: 954-907-1136
               Fax:  855-529-9540

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

EXHIBIT "A"

**Linebarger Goggan Blair & Sampson, LLP**
ATTORNEYS AT LAW
4 Penn Center, Suite 910
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
Toll-Free: (844) 576-4772, Fax: (855) 650-5840

OCTOBER 21, 2021

ANEITA BAILEY
6135 SW 192ND AVE
FORT LAUDERDALE FL 33332-3378

## NOTICE OF DEBT / LIMITED-TIME AMNESTY PROGRAM

| ACCOUNT SUMMARY |
| --- |
| Debtor: ANEITA BAILEY |
| Vehicle License Plate: BPNH64 FL |
| DelDOT Account #: BPNH64 |
| Creditor: DelDOT |
| Current Balance: $66.50 (before amnesty is applied) |
| Amnesty Balance Due: $64.00 |

This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose. According to our client, the Delaware Department of Transportation (DelDOT), you have an outstanding debt, in the amount shown above right, for unpaid tolls and associated fees. This is NOT a threat to file a lawsuit. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless, within thirty days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty days after your receipt of this notice, you notify us, in writing, that the debt or any portion thereof is disputed, we will obtain a verification of the debt or a copy of a judgment, if any, and mail it to you. If the original creditor is different from the creditor named above, then upon your written request within thirty days after the receipt of this notice, we will provide you with the name and address of the original creditor. Use the above address for any mailed dispute or request.

DelDOT is offering a limited-time Toll Amnesty program which will allow you to resolve your unpaid amounts due for much less than the current balance. The Toll Amnesty program is open for sixty days from the date of this letter. The amnesty applies to toll violations incurred on Delaware State Route 1 and I-95 between January 2014 and April 30, 2020. The amnesty program removes the fees assessed on your toll amounts and adds a substantially less Amnesty Fee (in the amount specified in the attached Account Detail), and resulting in the Amnesty Balance Due shown above right. The offering of the Toll Amnesty program does not diminish or negate any of the important rights stated in the preceding paragraph.

Participation in the Toll Amnesty program is entirely optional. For questions about the Toll Amnesty program, call (844) 576-4772.

Payment can be made by credit or debit card by logging on to www.lgbswebpayments.com, or by scanning the QR Code with your mobile phone and using Client Code **DELDOT3** and Online Payment Number **93563966**. Payment may also be made by calling (844) 576-4772 or by using the coupon below to send a cashier's check, money order, or personal check made payable to: Linebarger Goggan Blair & Sampson, LLP (or "LGBS").

If you have any questions, contact the Collections Department at (844) 576-4772.

### INFORMATION

See enclosed Account Detail and FAQ's.

To easily make your payment 24 hours a day:

www.lgbswebpayments.com

To pay with Credit/Debit Card or Check by Phone (ACH), use:

**Client Code: DELDOT3**
**Online Payment #: 93563966**

Scan the QR Code for access to our mobile payment website:



Call Center: (844) 576-4772
Monday–Thursday 8 AM - 9 PM
Friday 8 AM - 6 PM
Saturday 8 AM - 1 PM
(Eastern Time)

---

**NOTICE: SEE REVERSE SIDE FOR ADDITIONAL INFORMATION**

---

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
PO BOX 659443
SAN ANTONIO TX 78265-9443
(Mail return only; send no letters or payments)

Vehicle License Plate: BPNH64 FL
Invoice #: 4392130
Reference #: 93563966

Amount Enclosed: _____

ANEITA BAILEY
6135 SW 192ND AVE
FORT LAUDERDALE FL 33332-3378



Ref. No. **93563966**

Address for payment:

LGBS - DELDOT
PO BOX 702118
SAN ANTONIO TX 78270-2118